**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>    Plaintiff,<br><br>v.<br><br>ASTORIA TRAILS NORTH<br>HOMEOWNERS ASSOCIATION, *et al.*,<br><br>    Defendants. | Case No. 2:15-cv-00366-APG-CWH<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

This action was filed in this court on the basis of diversity jurisdiction. ECF No. 1. The complaint contains no allegations regarding the citizenship of the members of defendant Collegium Fund, LLC Series #12. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). The parties now seek summary judgment without having established this court has jurisdiction and without addressing jurisdiction in their summary judgment motions. As the party seeking to invoke this Court's jurisdiction, plaintiff Bank of New York Mellon ("BONY") bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). I therefore ordered BONY to show cause why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 54.

In response, BONY has not shown that diversity jurisdiction exists because it has presented no evidence regarding the citizenship of Collegium Fund's members. I deny BONY's request for jurisdictional discovery because BONY has not shown good cause for extending the discovery deadline. I therefore dismiss this case for lack of subject matter jurisdiction.

**I. BACKGROUND**

BONY filed suit in this court against defendants Astoria Trails North Homeowners Association and Collegium Fund LLC Series #12. ECF No. 1. BONY alleges it is a citizen of

Delaware and New York. *Id.* at 1.  BONY alleges in the complaint that on information and belief neither of the defendants is a citizen of Delaware or New York. *Id.* at 1-2.  BONY also alleges that Astoria Trails North Homeowners Association is a Nevada corporation and Collegium Fund is a limited liability company organized under Nevada law. *Id.* at 2.  According to the complaint, Collegium Fund is a Nevada citizen but the complaint contains no allegations regarding the citizenship of Collegium Fund's members.

Discovery in this action closed on March 10, 2016. ECF No. 45.  BONY and Collegium Fund each moved for summary judgment. ECF Nos. 47, 51.  None of the summary judgment briefing addresses the citizenship of Collegium Fund.

I have an independent obligation to ensure this court has jurisdiction. *See Arizonans for Official English v. Ariz.*, 520 U.S. 43, 45-46 (1997).  I therefore issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction given that no showing has been made that Collegium Fund is diverse from BONY. ECF No. 54.  BONY responded that it is permitted to allege citizenship on information and belief to avoid dismissal.  BONY also argued that Collegium Fund likely would reveal its citizenship when it responds to the order to show cause.  Finally, BONY requested jurisdictional discovery in the event Collegium Fund's response does not resolve the jurisdictional question.  Collegium Fund did not respond to the order to show cause.

**II. ANALYSIS**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The court presumptively lacks jurisdiction and the party asserting jurisdiction bears the burden of showing it exists. *Id.*  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotation omitted).

Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is

between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

At the beginning of the case, a plaintiff may plead jurisdictional facts that are not reasonably ascertainable on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). However, if the defendant controverts or challenges those allegations, then the plaintiff must establish the jurisdictional facts. *Id.* at 1088. Jurisdictional discovery may be appropriate to aid in that effort. *Id.* Additionally, "[e]ven if the defendants concede jurisdiction, the district court may still conclude that some further showing of citizenship may be required to confirm its jurisdiction." *Id.*; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938) ("It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."); *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 183-84, 189 (1936) ("The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, inquire into the facts as they really exist.") (quotation omitted). Where jurisdiction has been challenged, the court must "inquire into the question of its jurisdiction before proceeding to the merits of [a] motion for summary judgment." *Yoder v. Assiniboine & Sioux Tribes of Fort Peck Indian Reservation, Mont.*, 339 F.2d 360, 362 (9th Cir. 1964).

BONY's complaint alleges on information and belief that Collegium Fund is a Nevada citizen.[1] However, the time for relying on allegations made on information and belief has passed. The parties have proceeded through discovery and are now at summary judgment. In response to

---

[1] Although BONY does not raise the issue, I note that Collegium Fund admitted in its answer BONY's allegations that Collegium Fund is "a limited liability company organized under the laws of the State of Nevada and citizen of Nevada." ECF No. 1 at 2; ECF No. 8 at 1. But Collegium Fund's admission does not resolve the matter because Collegium Fund, as a limited liability company, "is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. Thus, Collegium Fund's admission that it is a Nevada citizen does not preclude the possibility that it is also a citizen of New York or Delaware, through its members.

my order to show cause, BONY has not shown that Collegium Fund is diverse. BONY's attempt to rely on Collegium Fund's response to the order to show cause is unavailing. Collegium Fund does not bear the burden of establishing jurisdiction exists, BONY does. It has not met that burden in this case.

I deny BONY's request for jurisdictional discovery. Discovery closed on March 10, 2016. ECF No. 45. BONY did not move to extend discovery prior to the expiration of the discovery deadline nor has it offered good cause to extend the discovery deadline. *See* LR 26-4. BONY has not explained why it did not conduct discovery on jurisdictional facts while discovery was still open. BONY relies on cases suggesting jurisdictional discovery should be allowed "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). However, each of the cited cases was early in the proceedings, often at dismissal, not after the close of discovery and at summary judgment. *See Laub*, 342 F.3d at 1084 (dismissal); *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1016-17 (D.C. Cir. 1998) (permanent injunction issued before discovery and trial); *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 418, 425 (D.C. Cir. 1991) (dismissal); *Butcher's Union*, 788 F.2d at 537-38 (dismissal); *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 412, 430 & n.24 (9th Cir. 1977) (dismissal).

BONY has not established diversity jurisdiction in this case. I therefore dismiss for lack of subject matter jurisdiction.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

DATED THIS 27th day of May, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE